**CHARLS v CLEVELAND (city) et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17229. Decided Feb. 17, 1939

Jones, Day, Cockley & Reavis, Cleveland, P. J. Mulligan, Cleveland, and A. L. Dougan, Cleveland, for plaintiff-appellant.

Henry Brainard, director of law of the City of Cleveland for defendant-appellees.

## OPINION

By TERRELL, PJ.

This action was filed in the court of common pleas against the City of Cleveland, and upon trial a decree was entered in favor of the defendants. Appeal on questions of law and fact was taken to this court for trial de novo.

Plaintiff seeks injunctive relief against the City of Cleveland from proceeding with the issuance of mortgage bonds which were authorized by the special election under an ordinance for the extension and improvement of the Municipal Light Plant, and the giving of a mortgage upon the said Municipal Light Plant to secure the said bonds, and the granting of a franchise to operate the said Municipal Light Plant in the City of Cleveland, to the purchaser who might bid in the said Municipal Light Plant at foreclosure sale, if the same mortgage bonds are not paid according to their terms, and to declare the said election null and void

Plaintiff claims that the passage of the said ordinance, and the said election held thereunder, was null and void, principally because the provisions of the Charter of the City of Cleveland pertaining to the passage of ordinances in granting the franchises were not complied with, and for other reasons as will hereinafter appear.

The three principal objections made by the plaintiff are as follows:

"1. Ordinance No. 1388-38 is invalid because it was not published in the City Record in final form at least one week before its passage as required by §186 of the Charter of the City of Cleveland.

"2. The referendum election on Or-

dinance No. 1388-38 was invalid because a supplemental petition fixing the date of February 14, 1939 was duly filed and had the legal effect under §57 of the City Charter of suspending the ordinance fixing the date of December 21, 1938 as the date for the election.

"3. The referendum election on Ordinance No. 1388-38 was invalid because the ballot title used in said election was false in that it stated that no tax funds might lawfully be used for the payment of the bonds authorized by said ordinance, was argumentative and not descriptive of the ordinance."

We shall briefly consider each one of these reasons assigned against the validity of the said ordinance, and the election held thereunder.

1. Section 186 of the Charter of the City of Cleveland provides:

"Passage of Franchise Ordinances. Sec. 186. No ordinance making, amending or renewing a grant to construct or operate a public utility, or to extend the appliances or service thereof, shall be adopted by the council until adequate public hearings shall have been held on such ordinance, and until at least one week after its publication in the City Record in final form."

The ordinance in question was introduced into the city council on August 10, 1938, and printed verbatim in the City Record on August 11, 1938.

On September 1, 1938, certain amendments were made to the ordinance and the ordinance thereupon passed, and was signed by the Mayor. Plaintiff contends that this ordinance, under §186 should have been published in its final form with the amendments one week before it was passed and that the failure to have it so published vitiates the entire ordinance and the election that occurred under its provisions.

The general purpose for the publication of an ordinance as set out in the Charter, is to advise the people of the city of the contents of the ordinance. We have come to the conclusion that the publication of the said ordinance on August 11, 1938. fully advised the people of the contents thereof and that the amendments made on September 1, 1938, were so inconsequential that the ordinance itself was not in any wise changed in substance.

The amendments complained of are as follows:

The first amendment was the introduction of the word "tenth" in a blank space in the Whereas clause, and thereby designated that the Director of Finance had certified to the council the estimated life of usefulness of the property, etc., whereas, theretofore the alleged date of said certification by the Director of Finance was blank. The Whereas clause of an ordinance might be valuable to set up the reasons for the passing of an ordinance, but in the final analysis the whereas clause is no substantive part of the ordinance itself. We therefore hold that this amendment not having been published one week before passage of the ordinance does not make the ordinance invalid.

The second amendment complained of is the change of the word 'of' to 'in' referring to the denomination of the bonds. There is no substantial difference in the meaning of the word "of" and the word "in" in the respect in which they were used in this ordinance. In fact there is no difference at all.

Complaint is also made that the words "of One Thousand Dollars ($1000.00)" was inserted after the words "denomination" referring to the denomination of the bonds.

This did not change the total amount of the bonds authorized to be issued. It merely set up the amount of each individual bond, leaving the total unchanged.

We hold that this is not a material change in the substance of the ordinance.

The third amendment complained of was the striking out of the word "all" in lieu thereof inserting the words "only such".

It is our conclusion that there is no

material change and the meaning of the ordinance is left as it was when published in full.

The fourth and last amendment complained of as not being published, itemized rather than merely totaled such outstanding revenue bonds. This makes no substantive change in the ordinance.

None of these amendments have in the least respect changed the substance of the ordinance from that which was published August 11, 1938.

We therefore cannot agree with the contention of the plaintiff that the failure to publish the ordinance, including these amendments, one week prior to its passage, invalidates the ordinance.

For the purpose of this discussion, in considering the matter of the objection to the failure to publish this ordinance with its amendments in final form, we have assumed that §186 of the Charter of the City of Cleveland which provides for said publication was applicable to this ordinance in question and we think that there was a substantial compliance with said §186 of the Charter. But it appears to us, as a matter of law, that §186 of the Charter of the City of Cleveland is inapplicable to the ordinance and franchise before us.

Section 186 of the Charter of the City of Cleveland is one of a number of sections applying generally to franchises. It is apparent upon reading some of these sections that they do not apply to the franchise in question.

The franchises therein provided for are such that must be accepted within ten (10) days of the passage thereof, as provided in another section of the Charter.

The franchise before us could not be accepted within ten (10) days from the granting thereof, because it might be ten or twenty years or never that the proposed franchise would come into force and effect. This franchise is effective only after foreclosure upon the mortgage bonds. This foreclosure might never occur. It is apparent that the franchise spoken of in §186 of the Charter of the City of Cleveland and related sections is not the franchise spoken of in Article 18, §12 of the Constitution.

The authority of the City of Cleveland to issue mortgage bonds beyond the general bonded indebtedness and to give a franchise as security for such mortgage bonds comes directly from the self-operative provisions of the **Constitution of the State, Article 18, §12.**

Therefore, upon the first objection made by the plaintiff, we conclude that the plaintiff has failed to show a just reason for having the said ordinance and election declared invalid.

The second objection pertains to the date of the referendum election upon the ordinance in question.

Section 57 of the Charter of the City of Cleveland provides the method for determining when the referendum election shall be held. Following the passage of this ordinance in question, a referendum petition was filed which required the council to submit the ordinance to an election of the electors. There are three methods set forth in §57 providing how a date for the referendum election may be set.

The first method therein provided is that if an election for any purpose has already been set which shall occur in not less than thirty (30) days nor more than six (6) months, such referendum election shall then be held on the date of the election already set.

The second method provides that if no such election has been set within the time mentioned, the council may set the referendum election at a special election to be held not sooner than thirty (30) days after the receipt of the clerk's certificate. In the case before us no election had been set under the first method and the council thereupon set the election day under the second method provided, as and for December 21, 1938.

There is a third method provided for setting the date of the said referendum election. It is, that if five thousand (5000) electors, in addition to those who signed the original petition, sign a sup-

plemental petition and file with the clerk, asking that the proposed ordinance be submitted to the voters at a time indicated in such petition, the council shall provide for the special election at such time.

In this case a supplemental petition was filed with over five thousand (5000) signers, setting the date of the referendum election as for February 14, 1939. The council and board of elections disregarded this supplemental petition, failed to have the election on February 14, 1939, but held the election on December 21, 1938.

Plaintiff claims that the election should have been held on February 14, 1939, as fixed in the supplemental petition of the electors. This requires an interpretation of §57 of the Charter of the City of Cleveland.

We find that there are three (3) methods provided for the setting of the date of the referendum election. It is apparent to us that if, under the first method, there has already been set an election date, after thirty (30) days and before six (6) months, the referendum shall be held at that election.

If the election cannot be held under the first provision, it may be held under the second provision, that is, the council may provide for and set the date of the referendum election. If the council exercises the power in this second method provided, that concludes the further operation of §57 of the Charter in the third method provided.

If, however, the council fails or neglects to provide a date as set in the second method, the electors by supplemental petition may set a date for said referendum election. The power, however, of the electors by supplemental petition to set the date, is effective only if the council has failed to exercise the power granted to it under the second method provided.

We hold, therefore, that on this second objection made by the plaintiff that there is no reason to declare the ordinance and election invalid.

The third objection pertains to the title of the ordinance used on the ballot at the referendum election.

Section 66 of the Charter of the City of Cleveland provides that the Director of Law shall prepare a title for the ordinance to appear upon the official ballot "which may be distinct from the legal title of such proposed or referred ordinance, and which shall be a clear, concise statement without argument or prejudice, descriptive of the substance of such ordinance or part thereof."

Plaintiff complains that the ballot title on the official ballot at the referendum election was violative of this section of the charter of the City of Cleveland, and hence the referendum election is invalid.

It is the claim of the plaintiff that the said title was false in that it stated that no tax funds might lawfully be used for the payment of the bonds authorized by the said ordinance and that the said title was argumentative, and not descriptive of the said ordinance.

The question then is,—does this title fairly and accurately describe the ordinance in accordance with §66 of the Charter of the City of Cleveland?

The ordinance provides that funds may be used in payment of the mortgage bonds in the said ordinance authorized. Therein the ordinance necessarily excludes the payment of the said bonds by the use of general tax money. In fact, the whole intent of this ordinance is to authorize the issuance of mortgage bonds outside of the general bond limitation which shall not be a charge upon the city but only upon the Municipal Light Plant in question, and the revenues therefrom and the franchise to be granted thereunder.

Nowhere in the ordinance is it stated that tax money may be used for the payment of said bonds. The bondholders can only collect upon these bonds from the revenues derived from the electric light plant, secured by mortgage thereon and a franchise to operate it in the event of the default in the payment of the said bonds. It does not appear to us that the City of Cleveland

216

would have a right to expend general tax money for the payment of the obligation expressed by these bonds.

Thereupon, upon this third objection, we have come to the conclusion that the title of the said or-dinance as appeared upon the referendum ballot was not fraudulent, argumentative nor defective in its description of the said ordinance but that it did fairly describe the contents of the said ordinance.

We might proceed to an analysis of the cases cited by counsel for the plaintiff herein but we feel that it would only make this opinion unduly long to do so. Generally, we have concluded that none of the cases cited are applicable to the facts in question before us.

Therefore, we conclude that the plaintiff is not entitled to the relief prayed for.

LIEGHLEY, J., and LEVINE, J, concur in judgment.